IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION



**FILED**

**December 18, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

JERRY WAYNE MARABLE,  )
                       )
          APPELLANT,   )
                       )        No. 01-C-01-9611-CC-00493
                       )
                       )        Rutherford County
v.                     )
                       )        J. S. Daniel, Judge
                       )
                       )        (Post-Conviction Relief)
STATE OF TENNESSEE,    )
                       )
          APPELLEE.    )


FOR THE APPELLANT:                FOR THE APPELLEE:

Jerry Wayne Marable, Pro Se       John Knox Walkup
South Central Correctional Center Attorney General & Reporter
P.O. Box 279                      500 Charlotte Avenue
Clifton, TN 38425-0279            Nashville, TN 37243-0497
(Appeal Only)
                                  Clinton J. Morgan
Howard W. Wilson                  Counsel for the State
Attorney at Law                   450 James Robertson Parkway
6 Public Square, North            Nashville, TN 37243-0493
Murfreesboro, TN 37130
(Trial Court Only)                William C. Whitesell, Jr.
                                  District Attorney General
                                  Justice Building, Third Floor
                                  Murfreesboro, TN 37130

                                  Paul A. Holcombe, III
                                  Assistant District Attorney General
                                  Justice Building, Third Floor
                                  Murfreesboro, TN 37130



OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Jerry Wayne Marable (petitioner),[1] appeals as of right from a judgment of the trial court dismissing his action for post-conviction relief following an evidentiary hearing. The trial court found the petitioner received the effective assistance of counsel prior to and during the submission hearing, the petitioner's plea of guilty was understandingly, voluntarily, and intelligently entered, and the petitioner failed to establish the District Attorney General's Office engaged in prosecutorial misconduct. In this court, the pro se brief filed by the petitioner does not delineate an issue presented for review. It appears the petitioner asserts his innocence and claims he was denied his constitutional right to the effective assistance of counsel.

The record reflects the defendant was charged with the rape of a child under the age of thirteen. He was permitted to enter a plea of guilty to aggravated sexual battery and was sentenced as a Range I standard offender to confinement for eight and one-half years in the Department of Correction pursuant to a plea agreement. He advised the trial court he was not guilty of the offense in question because the charge was fabricated. He further stated he was entering the guilty plea for "my best interest for my family." The trial court refused to accept the plea unless the petitioner agreed there was a factual basis for his plea. The petitioner agreed there was a factual basis for his plea.

The petitioner failed to establish by clear and convincing evidence he was denied his constitutional right to the effective assistance of counsel. See Tenn. Code Ann. § 40-30-210(f). He did not testify in support of his grounds. Moreover, the petitioner did not establish the two-prong test established in Hill v. Lockart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The submission hearing transcript reveals the petitioner was pleased with the services of the attorneys who represented him. Counsel met with the petitioner prior to the date he entered the guilty plea. Counsel revealed the information obtained, provided the petitioner with copies of statements, and spent several hours explaining the ramifications of a guilty plea. The trial court was extremely tolerant and patiently advised

---

[1]The petitioner was indicted as "Jerry Wayne Marable A/K/A Jerry DeWayne Marable."

the petitioner of his rights. The court wanted to make sure the petitioner was in fact understandingly, intelligently, and knowingly pleading guilty to the lesser included offense of aggravated sexual battery.

This court is of the opinion the evidence contained in the record does not preponderate against the findings of fact made by the trial court.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
JOE G. RILEY, JUDGE